```
              UNITED STATES DISTRICT COURT
                      FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

GARY WILLIAMS, et al.,        :
                              :
        Plaintiffs             :    No. 1:14-cv-00024
                              :
    vs.                       :    (Judge Kane)
                              :
WARDEN ROBERT MCMILLAN,       :
et al.,                       :
                              :
        Defendants            :
```

**MEMORANDUM**

**Background**

This action was filed on January 8, 2014, pursuant to 42 U.S.C. § 1983 by three inmates, Plaintiffs Anthony Davis, Gary Williams and Jordon Lytton, who were incarcerated at the Lackawanna County Prison, against Warden Robert McMillan, Sergeant Blume and Corrections Officers Dodgson and Sohara, regarding the conditions of confinement to which Plaintiffs were subjected on November 13, 2013. (Doc. No. 1) On September 29, 2015, after screening the complaint pursuant to the Prison Litigation Reform Act ("PLRA") the court dismissed several of Plaintiffs' claims and issued a scheduling order.  In the order the court stated that the only claims which survived the court's screening under the PLRA were Eighth Amendment claims asserted by Williams and Lytton against Sergeant Blume and Correctional Officers Dodgson and Sohara for an incident where those defendants allegedly exposed

Plaintiffs to freezing temperatures on November 13, 2013.[1] On August 22, 2016, the court issued a second scheduling order which authorized the parties to file dispositive motions within thrity (30) days. No dispositive motions were filed. However, on September 16, 2016, Plaintiff Williams filed a motion to withdraw the complaint. The motion was only signed by Williams. Williams appeared to have acted as the lead Plaintiff in this case and Plaintiff Lytton was no longer incarcerated and had no contact with the court since February 19, 2015. (Doc. No. 33.) By order of November 7, 2016, the court terminated Plaintiff Williams from this action based on the motion he filed. Furthermore, pursuant to Local Rule 41.1[2] the court advised Plaintiff Lytton that the case would be dismissed unless he notified the court within 60 days that he desired to proceed with the case. The sixty day

---

1. Plaintiff Davis was terminated from this action on July 21, 2014, because he failed to submit the filing fee or the forms required to proceed in forma pauperis.

2. Local Rule 41.1 states as follows: "Any action may be dismissed by the court at any time no proceedings appear to have been taken for one full calendar year. At least twenty eight (28) days written notice of such intended dismissal shall be given to all parties by the judge to whom such action is assigned, or by the clerk, and the action shall thereafter be dismissed, unless for good cause it shall be shown that the action should not be dismissed. Dismissal under this rule shall be in addition to and not in lieu of action which may be taken under Fed.R.Civ.P. 41."

period has long passed and Lytton has not had any contact with the court.  An appropriate order will be entered.